UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MILTON L. WELLS**                                **CIVIL ACTION**

**versus**                                         **NO. 07-3605**

**WARDEN JAMES LEBLANC**                           **SECTION: "K" (5)**

**REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Milton L. Wells, and the State's response thereto. (Rec. docs. 1, 9) Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that the petition be **DISMISSED WITH PREJUDICE**.

**I. PROCEDURAL HISTORY**

Petitioner, Milton L. Wells, is a state prisoner currently incarcerated at the Dixon Correctional Institute, Jackson, Louisiana. On August 5, 2003, he pleaded guilty to distribution of cocaine in the Twenty-Fourth Judicial District

Court for the Parish of Jefferson, State of Louisiana. On that same date, he also pleaded guilty to be being a second offender and was sentenced as such to a term of fifteen years imprisonment. It was ordered that his entire sentence be served without benefit of probation or suspension of sentence and that the first two years of the sentence also be served without benefit of parole.

Petitioner thereafter filed with the state district court several motions seeking transcripts and other documents. First, he filed a "Motion for Production of Transcripts and Boykins [sic] Documents" on October 27, 2003. That motion was granted in part and denied in part on November 6, 2003. (St. ct. rec., vol. 1 of 2)[1] Second, he filed a "Motion for Production of Acknowledgement [sic] Plea Bargain Agreement Form" on or about December 10, 2003, which was also granted in part and denied in part on December 15, 2003. (St. ct. rec., vol. 1 of 2) Third, he filed yet another "Motion for Production of Transcripts and Boykins [sic] Documents" on or about February 27, 2004, which was denied as repetitive on March 2, 2004. (St. ct. rec., vol. 1 of 2) Fourth, he filed a motion seeking transcripts on or about March 19, 2004, which was

---

[1] Petitioner also filed an application for a supervisory writ concerning that denial, which was likewise denied by the Louisiana Fifth Circuit Court of Appeal on June 1, 2004. State v. Wells, No. 04-KH-605 (La. App. 5th Cir. June 1, 2004). (St. ct. rec., vol. 1 of 2)

denied on March 25, 2004. (St. ct. rec., vol. 1 of 2)  Fifth, he filed a motion seeking a transcript on June 28, 2004, which was denied on July 8, 2004.  (St. ct. rec., vol. 1 of 2)

On November 30, 2004, petitioner filed with the state district court a "Motion for Reduction of Sentence, and Alternatively, Challenge of Defective Indictment/Bill of Information VIA Unconstitutional Sentencing Guidelines."[2]  That motion was denied on December 9, 2004.  His related writ applications were likewise denied by the Louisiana Fifth Circuit Court of Appeal on January 13, 2005, and by the Louisiana Supreme Court on January 27, 2006.  State v. Wells, No. 05-KH-21 (La. App. 5th Cir. Jan. 13, 2005); State ex rel. Wells v. State, 922 So.2d 530 (La. 2006).  (St. ct. rec., vol. 1 of 2)

On May 26, 2005, petitioner filed with the state district court an application for post-conviction relief.[3]  That application was denied on June 20, 2005.  His related writ applications were

---

[2] That motion was stamped as filed by the clerk of court on December 7, 2004.  However, the United States Fifth Circuit Court of Appeals has held that federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a state court filing, and so such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006).  Petitioner's motion was dated November 30, 2004; therefore, that is the earliest date it may be considered "filed."

[3] That motion was file-stamped on June 15, 2005; however, petitioner signed it May 26, 2005.

then likewise denied by the Louisiana Fifth Circuit Court of Appeal on July 29, 2005, and by the Louisiana Supreme Court on June 2, 2006. State v. Wells, No. 05-KH-708 (La. App. 5th Cir. July 29, 2005); State *ex rel.* Wells v. State, 929 So.2d 1248 (La. 2006). (St. ct. rec., vol. 1 of 2)

More than one year later, on June 13, 2007, petitioner filed the instant federal application for habeas corpus relief claiming that his current sentence was illegally enhanced based on an invalid prior conviction. (Rec. doc. 1) In its response, the State argues that the federal petition is untimely. (Rec. doc. 9) The State is correct.

**II. TIMELINESS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his §2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. §2244(d)(1)(A).[4]

As noted, on August 5, 2003, petitioner pleaded guilty to both the underlying offense and the multiple bill of information

---

[4] Although §2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, the parties do not contend that those alternative provisions are applicable in the instant case.

and was sentenced. Because he did not file a direct appeal within the five days allowed by state law, his conviction, multiple offender adjudication, and sentence became final no later than August 12, 2003.[5] Accordingly, pursuant to 28 U.S.C. §2244(d)(1)(A), the period that petitioner had to file his application for federal *habeas corpus* relief with respect his state criminal judgment commenced on that date and expired one year later, i.e. on August 12, 2004, unless that deadline was extended through tolling.

---

[5] See State v. Counterman, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal). At the time of petitioner's conviction and sentencing in 2003, La.C.Cr.P. arts. 13 and 914 provided that a defendant had five days, not including legal holidays and half-holidays, to notice his intent to appeal a conviction or sentence. In Louisiana, all Sundays are legal holidays and (except in Washington Parish under certain circumstances) all Saturdays are, depending on the locality, either holidays or half-holidays. La.Rev.Stat.Ann. §1:55(A). In 2003, August 9 was a Saturday and August 10 was a Sunday; therefore, out of an abundance of caution, this Court will not count those two days against petitioner when calculating the date his conviction and sentence became final.
    The Court also notes that, subject to certain exceptions, a guilty plea normally results in a waiver of a defendant's right to appeal non-jurisdictional defects in the proceedings prior to the plea. See State v. Crosby, 338 So.2d 584 (La. 1976). In this case, however, the Court need not decide whether petitioner had a right to appeal his conviction and sentence pursuant to La.C.Cr.P. art. 914, in that his application for federal habeas corpus relief is untimely regardless of whether his conviction and sentence were final upon the expiration of the time within which to notice an intent to appeal (August 12, 2003) or upon his pleas and sentencing (August 5, 2003).

The Court first considers statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. §2244(d)(2). However, petitioner had no applications attacking his conviction or sentence pending before any state court at any time from August 12, 2003, through August 12, 2004.[6]

---

[6] The only motions and applications petitioner had pending during that period concerned his requests for transcripts and other documents. However, those filings cannot fairly be considered applications for state post-conviction relief or other collateral review for tolling purposes because they were preliminary in nature and did not directly call into question the validity of his conviction or sentence. Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n. 22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003); Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001). However, even if petitioner were given tolling credit for those motions and applications, his federal application would still be untimely.

The Court also notes that petitioner subsequently sought post-conviction relief in the state courts; however, state applications filed *after* the expiration of the federal statute of limitations have no bearing on the timeliness of a habeas petitioner's federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). However, again, even if petitioner were given tolling credit for those post-conviction applications, his federal application would still be untimely.

The Court notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, also be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (quotation marks omitted). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). Petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations in this case.

Because petitioner is entitled to neither statutory tolling nor equitable tolling, his federal application for habeas corpus relief had to be filed on or before August 12, 2004, in order to be timely. His federal application was not filed until June 13, 2007,[7] and it is therefore untimely.

---

[7] "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner signed his application on June 13, 2007, which is the earliest date he could have presented it to prison officials for mailing.

III.  Lackawanna

Further, even if petitioner's federal application had been timely filed, which it was not, he still would not be entitled to federal habeas corpus relief.  In the instant federal application, petitioner's sole claim is that the 1986 armed robbery conviction used to enhance his current sentence was invalid.  That claim is barred by Lackawanna County District Attorney v. Cross, 532 U.S. 394 (2001), in which the United States Supreme Court stated:

> [W]e hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.  If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

Id. at 403-04 (citation omitted).[8]

---

[8] The Supreme Court noted that the Lackawanna prohibition would not apply when it is argued that the predicate conviction was unconstitutional because it was obtained where there was a failure to appoint counsel as required by Gideon v. Wainwright, 372 U.S. 335 (1963).  Lackawanna, 532 U.S. at 404.  That limited exception is inapplicable in this case.  Petitioner was represented in the 1986 proceeding by attorney William Doyle.  See Transcript of September 12, 1986.  (St. ct. rec., vol. 1 of 2)
    The Supreme Court further noted that the Lackawanna prohibition may not apply if the federal habeas corpus petition is,

Petitioner's 1986 conviction is no longer open to direct or collateral attack, in that his sentence for that conviction has fully expired and his limitations period for any such attack ended long ago. Therefore, he may not challenge his current enhanced sentence in a §2254 application on the ground that the 1986 conviction was illegal.

**RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal habeas corpus relief filed by Milton L. Wells be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass

---

effectively, the first and only forum available for review of the challenge to the prior conviction. Id. at 405; see also Flot v. Cain, Civ. Action No. 05-6439, 2007 WL 2491388, at *9 n.33 (E.D. La. Aug. 30, 2007). That potential exception is also inapplicable here.

v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __10th__ day of March, 2009.

*Alma L. Chasez*
**ALMA L. CHASEZ**
**UNITED STATES MAGISTRATE JUDGE**